**In re: WEBKINZ ANTITRUST LITIGATION.**

**MDL No. 1987.**

United States Judicial Panel on Multidistrict Litigation.

Oct. 17, 2008.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN and W. ROYAL FURGESON, JR., Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Plaintiff in the Northern District of California action has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of California. Defendants Ganz, Inc., and Ganz U.S.A., LLC (collectively Ganz) support the motion. Plaintiffs in the actions pending in the Northern District of Illinois and the District of Massachusetts support centralization, but suggest the Northern District of Illinois as transferee district.

This litigation currently consists of three actions listed on Schedule A and pending in three districts, one action each in the Northern District of California, the Northern District of Illinois, and the District of Massachusetts.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407

in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions allege that Ganz implemented an illegal tying arrangement by requiring retailers to purchase unrelated products from Ganz in order to purchase Ganz's popular Webkinz toys. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of California is an appropriate transferee forum for this litigation. The action pending in that district is the first filed and is progressing well. Moreover, the defendants and one plaintiff agree that it is the preferable transferee district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Jeffrey S. White for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

### SCHEDULE A

MDL No. 1987—**IN RE: WEBKINZ ANTITRUST LITIGATION**

*Northern District of California*

*Nuts for Candy v. Ganz, Inc., et al.,* C.A. No. 3:08–2873

*Northern District of Illinois*

*Scott Comstock, et al. v. Ganz, Inc., et al.,* C.A. No. 1:08–4167

*District of Massachusetts*

*Cortes Country Stores, Inc., etc. v. Ganz, Inc., et al,* C.A. No. 1:08–11184